## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE MCPHAIL | § | |
| | § | |
| v. | § | CIVIL NO.: 3:13cv146-HSO-RHW |
| | § | |
| CITY OF JACKSON, a Municipal | § | |
| Corporation, OFFICER | § | |
| TRENA C. YARBER, and JOHN | § | |
| DOES 1-5 | § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STRIKE THE EXPERT REPORT OF MICHAEL S. STREET, DENYING DEFENDANTS' MOTION TO STRIKE THE AFFIDAVIT OF CHARLES WILLIAM MARIS III, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND ORDERING BRIEFING ON THE STATUTE OF LIMITATIONS ISSUE

BEFORE THE COURT is the Motion for Summary Judgment [24] filed by

Defendants the City of Jackson and Officer Trena Yarber.  Also before the Court are

Defendants' Motion to Strike the Expert Report of Michael S. Street [28] and

Defendants' Motion to Strike the Affidavit of Charles William Maris III [30].

Plaintiff Stephanie McPhail has filed a Response [26] to Defendants' Motion for

Summary Judgment, a Response [33] to the Motion to Strike the Affidavit of

William Maris III, and a Response [35] to the Motion to Strike the Expert Report of

Michael S. Street.  Defendants have filed a Reply [32] in support of their Motion for

Summary Judgment.

Having considered the parties' submissions, relevant legal authorities, and

the record, the Court is of the opinion that the Motion to Strike the Affidavit of

Charles William Maris III should be denied, the Motion to Strike the Expert Report

1

of Michael S. Street should be granted, and the Motion for Summary Judgment should be granted in part and denied in part. The Motion should be granted in part as to Plaintiff's procedural and substantive due process claims, her §1983 excessive force claim against the City and Officer Yarber in her individual capacity, her §1983 claim for failure to train against the City, and her state law claims for assault and battery against the City. The Motion should be denied only as to Plaintiff's state law claims for assault and battery against Officer Yarber in her individual capacity.

## I. BACKGROUND

A.   Factual Background

Resolving factual disputes in Plaintiff's favor, Officers Trena Yarber and Patrick Smith of the City of Jackson Police Department responded to a disturbance call "around midnight" the morning of September 9, 2011, originating from a home located at 5418 Venetian Way, in Jackson, Mississippi. Aff. of Charles William Maris III ("Maris Aff.") [26-1], Ex. H to Defs.' Mot. for Summ. J. [24-8]. At the time Officers Yarber and Smith arrived, Plaintiff Stephanie McPhail ("Plaintiff") and Charles Maris had stepped outside the home of a mutual friend to smoke cigarettes. Maris Aff. ¶ 6-7. The officers informed Plaintiff and Mr. Maris that they were responding to a disturbance call. *Id*. When questioned by the officers, Plaintiff and Mr. Maris answered that they were "just smoking cigarettes" outside a friend's home. *Id*. The officers then returned to their vehicles and left the scene, but at some point after leaving, the officers received a second disturbance call directing

them to return to 5418 Venetian Way because two unknown individuals were still on the premises.  *Id*. at ¶ 8, Aff. of Trena C. Yarber ¶ 6 ("Yarber Affidavit") [24-1].

According to Mr. Maris, approximately thirty minutes after Officers Yarber and Smith had initially departed the scene, he and Plaintiff were again outside because another mutual friend, Lauren Starkey, had returned after using Plaintiff's car to drive an acquaintance home.  Maris Aff. at ¶ 9.  Ms. Starkey exited the car and Plaintiff entered the driver's seat, and as Mr. Maris entered the back seat, Officers Yarber and Smith returned.  *Id*. at ¶ 10.  Officer Smith approached Mr. Maris and handcuffed him without explanation.  *Id*.  Officer Yarber opened the driver's side door and removed Plaintiff from the car.  *Id*. at ¶ 11.  Mr. Maris states in his Affidavit that he observed Officer Yarber punch Plaintiff in the stomach, handcuff Plaintiff, "slam" her against a patrol car, and "throw" Plaintiff into the patrol car.[1]  *Id*. at ¶ 12.  Mr. Maris was charged with "public drunk" and Plaintiff was charged with using "abusive language."  *Id*. at ¶ 13.  Mr. Maris maintains that Plaintiff did not use "abusive language" until after the physical altercation with Officer Yarber occurred.  *Id*. at ¶ 14.  After the pair were booked, Mr. Maris noticed Plaintiff's right wrist was "a little bruised and swollen" and "purplish."  *Id*. at ¶¶ 17, 19.  Plaintiff's right wrist also had "scratches[] and a gash," which Mr. Maris attributes to the handcuffs.

B.   Procedural Background

On March 11, 2013, Plaintiff filed the Complaint [1] naming the City and Officer Yarber as Defendants.  The Complaint does not specify whether Officer

---

[1] Plaintiff does not allege she was "slammed" against the side of a patrol car.  *See* Compl. ¶11.

Yarber is being sued in her individual or official capacity.[2]  *Id.* at 1-6.  Plaintiff advances claims against Defendants pursuant to 42 U.S.C. §1983 for violation of civil rights, violation of her rights to procedural and substantive due process, and excessive force.  *Id.* at 3-5.  Plaintiff alleges pursuant to §1983 that the City failed to adequately train and supervise its police officers.  *Id.* at 4.  Plaintiff also pleads claims under Mississippi law for assault and battery.  *Id.* at 5.

Pursuant to the Court's Scheduling Order, Plaintiff's experts were to be designated on or before October 29, 2013, Defendants' experts were to be designated on or before November 29, 2013, and discovery was to conclude on January 31, 2014.  Case Management Order 4-5 [5].  Dispositive motions were due on or before February 14, 2014, and trial was set for June 16, 2014.  *Id.*  After the case was reassigned on October 21, 2013, however, the trial was rescheduled for August 4, 2014.  Text Only Amended Scheduling Order, Oct. 23, 2013.

On October 29, 2013, Plaintiff filed a Motion to Extend Expert Designation Deadlines [17].  The Motion was granted as unopposed, and Plaintiff's expert designation deadline was extended to November 29, 2013.  Text Only Order, Oct. 30, 2013.  The Court also extended the discovery deadline to February 3, 2014.  *Id.*

1.   <u>Defendants' Motion for Summary Judgment</u>

On February 14, 2014, Defendants filed a Motion for Summary Judgment [24].  Defendants contend that Plaintiff cannot establish evidence supporting a claim for failure to train pursuant to §1983 because there is no evidence that the

---

[2] Although Defendants answered the Complaint and took the position that "[n]o Defendant has been named in his/her individual capacity[,]" Defendants asserted qualified immunity as an affirmative defense.  Answer and Affirmative Defenses 1 n.1, 7 [3].

City had a policy of failing to train its police officers or that the policy was a moving force behind a constitutional violation.  Defs.' Mem. in Supp. of Mot. for Summ. J. 5-10 [25].  Defendants posit that Plaintiff's substantive due process claim fails because Plaintiff has not produced evidence of a deprivation of a protected interest in life, liberty, or property.  *Id.* at 12-13.  Defendants also maintain that Plaintiff's procedural due process claim cannot succeed because adequate post-deprivation tort remedies exist under Mississippi law.  *Id.* at 13-14.  Because the injuries Plaintiff alleges she suffered were all caused prior to the encounter with Officer Yarber, Plaintiff's state law claims should be dismissed.  *Id.* at 14-15.  As for Plaintiff's §1983 excessive force claim, Defendants assert they are entitled to judgment as a matter of law due to the *de minimis* nature of Plaintiff's alleged injuries.  *Id.* at 15-16.  Despite arguing that Officer Yarber has not been sued in her individual capacity, Defendants also reason that Officer Yarber is entitled to qualified immunity.  *Id.* at 2 n.1, 15-18.

On March 5, 2014, Plaintiff filed her Response [26] to Defendants' Motion for Summary Judgment.  Plaintiff supported her Response with the Affidavit of Charles William Maris III [26-1] and a report [26-2] prepared by Michael Street, Plaintiff's purported expert who had not previously been disclosed.  Plaintiff argues that Officer Yarber is not entitled to qualified immunity because "Plaintiff's factual allegations raise genuine issues of material fact" as to whether Officer Yarber violated Plaintiff's Fourth Amendment right to be free from excessive force and whether Officer Yarber's actions were objectively unreasonable.  Mem. of

5

Authorities in Supp. of Stephanie McPhail's Resp. to Defs.' Mot. for Summ. J. 7-10 [27]. With respect to her state law claim for assault and battery, Plaintiff maintains that under the Mississippi Tort Claims Act, Mississippi Code §§ 11-46-1 through -23 ("MTCA"), her "allegations raise genuine issues of material fact" pertaining to whether Officer Yarber "acted in reckless disregard for the safety and well-being" of Plaintiff. *Id.* at 10-11. Plaintiff further states that her "factual allegations . . . show that [Plaintiff] was not engaged in criminal activity." *Id.* Plaintiff does not respond to the remainder of Defendants' Motion for Summary Judgment.

> 2. <u>Defendants' Motions to Strike</u>

On March 7, 2014, Defendants filed a Motion to Strike [28] the expert report authored by Michael Street and submitted by Plaintiff in opposition to Defendants' Motion for Summary Judgment. Defendants contend that the report is untimely and procedurally barred under both Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure and Rule 26(a)(2) of the Local Uniform Civil Rules. Mem. of Authorities in Supp. of Mot. to Strike the Expert Report of Michael S. Street 2 [29]. Defendants further argue that the report does not offer any information regarding Mr. Street's qualifications, is not sufficiently tied to the facts of the case, and does not meet the standards set forth in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-595 (1993). Plaintiff did not file a Response in Opposition [35] until May 23, 2014,[3] and claimed that she was unable to timely disclose an expert

---

[3] Pursuant to Local Uniform Civil Rule 7(b)(4), Plaintiff's response was due on or before March 21, 2014. Plaintiff did not file a response by that deadline. By May 20, 2014, Plaintiff had yet to file a

because Defendants did not produce certain documents with their initial disclosures and did not make certain witnesses available for deposition.  Mem. Br. in Supp. of Pl.'s Resp. to Defs.' Mot. to Strike Expert Report of Michael Street 2 [36].

Defendants filed a second Motion to Strike [30] on March 7, 2014, seeking to exclude the Maris Affidavit.  Defendants contend that the Affidavit is untimely and procedurally barred under Rule 26(a) and Rule 37 of the Federal Rules of Civil Procedure and that the Affidavit does not contain any facts pertaining to Plaintiff's excessive force claim.  Mem. of Authorities in Supp. of Mot. to Strike Aff. of Charles William Maris III 4-8 [31].  Plaintiff also did not file a Response in Opposition [33] to the Motion until May 23, 2014.  Plaintiff argues that Defendants were already aware of Mr. Maris's identity and his Affidavit complies with Rule 56(c)(4).

## II. DISCUSSION

### A.   Relevant Legal Standards

#### 1.   Defendants' Motions to Strike

"[A] Party must, without awaiting a discovery request, provide to the other parties . . . a copy . . . of all documents . . . that the disclosing party has in its possession, care, custody, or control and may use to support its claims . . . ."  Fed. R. Civ. P. 26(a)(1)(A)(ii).  Parties are under a continuing duty to timely supplement these required initial disclosures.  Fed. R. Civ. P. 26(e)(1)(A).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at

---

response to either Motion to Strike, and the Court entered a Text Only Order directing Plaintiff to file any response on or before May 23, 2014.

a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

If a party intends to present a witness who has been "retained or specially employed to provide expert testimony in the case," that party must disclose the identity of the witness who will provide expert testimony and the disclosure must be accompanied by a written report. Fed. R. Civ. P. 26(a)(2)(A). The written report must include

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). This disclosure of expert testimony must be made "at the times . . . that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Expert testimony which is not timely or properly disclosed is subject to being excluded under Rule 37, unless the failure to properly disclose is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

   2.   <u>Defendants' Motion for Summary Judgment</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue*

8

*Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In considering a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA Inc. v. Kerr-McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

"There is no material fact issue unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law[, and an] issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at 248).  "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  "The court has no duty to search the record for material fact issues." *RSR Corp.*, 612 F.3d at 858. "Rather, the party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id.*

3.    <u>The Capacity in which Officer Yarber Has Been Sued</u>[4]

"In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).  The mere fact that Plaintiff did not specify whether Officer Yarber was being sued in her official or individual capacity is not dispositive. *McKenzie v. City of Columbia*, 66 F.3d 322, 1995 WL 534889, at *2 (5th Cir. 1995) (stating that the plaintiff's "failure to specify the capacity in which [the police officer defendants] were sued does not mean that they were only sued in their official capacity").  Rather, the Court must examine "[t]he course of proceedings [which] typically will indicate the nature of the liability sought to be imposed." *Graham*, 473 U.S. at 167 n.14 (quoting *Brandon v. Holt*, 469 U.S. 464, 469 (1985)).

In assessing the "course of proceedings," courts consider several factors including the contentions made in the parties' briefs, the substance of the complaint, and the nature of the relief a plaintiff seeks.  *Senu-Oke v. Jackson State Univ.*, 521 F. Supp. 2d 551, 557 (S.D. Miss. 2007), *aff'd*, 283 F. App'x 236 (5th Cir. 2008) ("the court must look to the substance of the claims, the relief sought, and the course of the proceedings to determine in which capacity the defendant is sued"); *see also Drabek v. Larson*, 7 F.3d 229, 1993 WL 413863, at *2 (5th Cir. 1993) (noting the plaintiff's response to the defendants' motions to dismiss established he was only asserting official capacity claims).

---

[4] To the extent that Plaintiff sues Officer Yarber in her official capacity under §1983, any such claims merge into Plaintiff's claims against the City and should be dismissed.  *See, e.g., Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000) (noting that when "a defendant government official is sued in his individual and official capacity[,] . . . [t]he official-capacity claims and the claims against the governmental entity essentially merge").

The course of proceedings here reveals that Plaintiff is suing Officer Yarber in her individual capacity.  The Complaint demands compensatory and punitive damages from Defendants on a joint and several basis.  *See Atchinson v. Dist. of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996) (suing the District of Columbia and one of its police officers for joint and several liability suggested the plaintiff was suing the police officer individually because joint and several liability was unavailable against the officer in his official capacity); *Senu-Oke*, 521 F. Supp. 2d at 557 (concluding that plaintiff was proceeding against defendants individually because plaintiff could not recover the relief she requested from defendants in their official capacities).  Defendants pleaded qualified immunity as an affirmative defense, and the parties' summary judgment briefs are replete with argument regarding qualified immunity,[5] which applies to individual capacity §1983 claims.  *Graham*, 473 U.S. at 166.  Based on the record, the Court is of the opinion that the course of proceedings reveals Plaintiff is suing Officer Yarber in her individual capacity.

B.    Analysis

1.    Defendants' Motion to Strike the Maris Affidavit

Although Plaintiff disclosed Mr. Maris by name and address in her initial disclosures [6], Mr. Maris was already known to Defendants because he and Plaintiff were arrested together on September 9, 2011.  Defendants take the position that had Plaintiff responded to their discovery requests, she would have been required to produce any statements by Mr. Maris.  Mem. of Authorities in

---

[5] *See* Defs.' Mem. in Supp. of Mot. for Summ. J. 17-18 [25]; Mem. of Authorities in Supp. of Resp. to Defs.' Mot. for Summ. J. 4-10 [27]; Reply to Pl.'s Resp. to Mot. for Summ. J. 6-7 [32].

Supp. of Mot. to Strike Aff. of Charles William Maris III 4-7.  Defendants, however, were responsible for seeking an order compelling Plaintiff to submit responses to their discovery requests prior to the close of discovery.  *Wells v. Sears Roebuck & Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel.").  The docket does not indicate that Defendant attempted to schedule Mr. Maris's deposition.  *See Hilliard v. Tyson Foods, Inc.*, No. H-10-2388, 2012 WL 4829384, at *2 (S.D. Tex. Oct. 10, 2012) (noting that the party seeking a deposition has the "obligation to act to obtain the deposition") (citation omitted).  For these reasons, the Court is of the opinion that any prejudice to Defendants by Plaintiff's use of Mr. Maris's Affidavit in opposition to the Motion for Summary Judgment is minimal.  Defendants were aware of Mr. Maris prior to the lawsuit, opted not to set Mr. Maris's deposition, and did not seek an Order compelling responses to their discovery requests.  The Motion to Strike will be denied.

2. <u>Defendants' Motion to Strike the Expert Report of Michael S. Street</u>

The Court concludes that Mr. Street's report should be excluded.  Plaintiff failed to timely disclose Mr. Street as an expert,[6] even after receiving the benefit of an extension of the expert designation deadline.  Once Plaintiff disclosed Mr. Street for the first time in response to Defendants' Motion for Summary Judgment on March 5, 2014 [26-2], the disclosure did not sufficiently indicate the facts or data

---

[6] Plaintiff's expert disclosures were initially due October 29, 2013, but Plaintiff was given an extension until November 29, 2013.  Text Only Order, Oct. 30, 2013.

considered by Mr. Street in forming his opinions, lacked mention of whether Mr. Street has authored any publications in the previous ten years, did not contain a statement as to whether Mr. Street had testified as an expert in the previous four years, and did not identify Mr. Street's compensation.  *See* Fed. R. Civ. P. 26(a)(2)(B)(ii), (iv)-(vi).

Plaintiff's contention that she was unable to identify an expert sooner because Defendants withheld certain documents from their initial disclosures carries no weight because Plaintiff did not to seek an order compelling production of any of those items.  Mem. Br. in Supp. of Pl.'s Resp. to Defs.' Mot. to Strike Expert Report of Michael Street 2; *see also* L. U. Civ. R. 26(a)(3) ("If a party fails to make a disclosure required by [the local rule pertaining to initial disclosures], any other party must move to compel disclosure . . . .").  Plaintiff's claim that Defendants failed to provide Plaintiff with deposition dates for Officer Yarber and a corporate representative is equally unavailing.  *Hilliard*, 2012 WL 4829384, at *2 (citation omitted).  The Court is of the opinion that Plaintiff should not be allowed to belatedly and without any good cause rely upon the disclosure of Mr. Street for the first time in opposition to Defendants' Motion for Summary Judgment. Moreover, even on the merits, Mr. Street's designation and report are insufficient to satisfy the requirements of the Federal Rules of Evidence or *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591-93 (1993).  Mr. Street's report will be struck and not considered in resolving Defendants' Motion for Summary Judgment.

3.      Defendants' Motion for Summary Judgment

a.      Plaintiff's Due Process Claims Against All Defendants

The Court finds that Plaintiff has abandoned her due process claims.  To the extent that Plaintiff's Complaint could be construed as advancing claims for violations of Plaintiff's rights to procedural and substantive due process, Defendants seek judgment as a matter of law.  Because Plaintiff has not responded to Defendants' Motion pertaining to these claims, the Court finds that Plaintiff has abandoned them.  *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[F]ailure to pursue this claim beyond her complaint constituted abandonment."); *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim.").  Plaintiff's due process claims will be dismissed.

b.      Plaintiff's Remaining Claims Against the City

(1)     Failure to Train

For Plaintiff to succeed on her §1983 failure to train claim against the City, "she must demonstrate that: (1) [the City's] training policy procedures were inadequate, (2) [the City] was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused" Plaintiff's injuries.  *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010) (citation omitted).  "Deliberate indifference is more than mere negligence."  *Conner v. Travis Cnty.*, 209 F.3d 794, 796 (5th Cir. 2000) (citing *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992)).  Plaintiff must demonstrate that "in light of the duties assigned to

specific officers . . . the need for more or different training is so obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Benavides v. Cnty. of Wilson*, 955 F.2d 968, 972 (5th Cir. 1992) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989)).

The Court is of the opinion that Plaintiff has not produced competent summary judgment evidence that the City's "training policy procedures were inadequate . . . ." *Sanders-Burns*, 594 F.3d at 381 (citation omitted).  With respect to the training Officer Yarber received, Plaintiff has not submitted any evidence related to Officer Yarber's training, such as Officer Yarber's training file.  Nor has Plaintiff offered any argument about Officer Yarber's training.  There being no evidence of what training Officer Yarber received, Plaintiff cannot identify what training Officer Yarber allegedly lacked, nor can Plaintiff establish that the City's training policies and procedures pertaining to Officer Yarber were inadequate.  *See Benavides*, 955 F.2d at 973-74 (concluding defendant county was entitled to summary judgment on §1983 claims where the plaintiff "never described the training that the deputies allegedly lacked that was necessary for adequate job performance").  Plaintiff has not carried her summary judgment burden to show the City's training policies or procedures were inadequate.  *See Sanders-Burns*, 594 F.3d at 381.

The Court also finds that Plaintiff has not produced any evidence that the City "was deliberately indifferent in adopting its training policy . . . ."  *Id.* (citation

omitted).  Plaintiff has not offered any evidence as to what the City's training policy for its police officers entailed.  Plaintiff has not directed the Court to any evidence as to what considerations the City took into account when adopting its training policy.  Plaintiff's allegations related to the single event involving her arrest are not enough to carry her summary judgment burden.  *Gabriel v. City of Plano*, 202 F.3d 741, 745 (5th Cir. 2000) ("[P]roof of a single violent incident ordinarily is insufficient to hold a municipality liable for inadequate training.") (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998)) (internal quotations omitted).

The Court further concludes that the "single incident exception" does not apply to the facts of this case.  "To rely on this exception, a plaintiff must prove that the 'highly predictable' consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the 'moving force' behind the constitutional violation."  *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 385-86 (5th Cir. 2005) (quoting *Roberts v. City of Shreveport*, 397 F.3d 287, 294 (5th Cir. 2005)).  Evidence that an officer had a propensity for using excessive force or was otherwise reckless, while not specifically required, "certainly is probative in determining that a 'highly predictable' consequence of sending the particular officer[] into a particular situation would be a constitutional violation."  *Valle v. City of Houston*, 613 F.3d 536, 549 (5th Cir. 2010).  Plaintiff has not provided evidence pertaining to or suggesting that Officer Yarber "had a propensity for using excessive force, violence, or was otherwise reckless . . . ."  *Id.*  Plaintiff also has not offered evidence suggesting that the specific injuries she

16

claims to have suffered were "the 'highly predictable' consequence of a failure to train . . . ." *Estate of Davis*, 406 F.3d at 386 (citation omitted). The absence of Officer Yarber's training file further militates in favor of concluding that the "single incident exception" does not apply. *See Roberts*, 397 F.3d at 296 (concluding the "single incident exception" did not apply because there was no evidence that the defendant-officer had not been trained and no evidence that he had previously been involved in incidents involving the improper use of force). The City is entitled to summary judgment on Plaintiff's failure to train claim.

    (2)   <u>Excessive Force</u>

     The City is entitled to summary judgment on Plaintiff's excessive force claim brought against it pursuant to §1983. "Plaintiff can avoid summary judgment on [her] §1983 claim against the City only if [she] presents facts that would establish the existence of a policy, practice or custom that caused the alleged deprivation of [her] constitutional rights." *Hazelton v. City of Grand Prairie, Tex.*, 8 F. Supp. 2d 570, 579 (N.D. Tex. 1998) (citing *Burns v. City of Galveston*, 905 F.2d 100, 102 (5th Cir. 1990)). As with her failure to train claim, Plaintiff has not identified any evidence articulating or suggesting the existence of a policy, practice, or custom of the City to apply excessive force. Plaintiff's exclusive reliance on the September 9, 2011, incident is insufficient to establish a custom or policy of excessive force. *See, e.g.*, *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) ("Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy.") (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th

Cir. 1984)).  Plaintiff's §1983 excessive force claim against the City cannot succeed

as a matter of law.

 (3) <u>State Law Claims under the Mississippi Tort Claims Act</u>

 Plaintiff asserts that the City is liable for Officer Yarber's conduct under the

MTCA.[7]  Pursuant to the MTCA,

> (1) A governmental entity and its employees acting within the course
> and scope of their employment or duties shall not be liable for any
> claim:
> * * *
> (c) Arising out of any act or omission of an employee of a governmental
> entity engaged in the performance or execution of duties or activities
> relating to police or fire protection unless the employee acted in
> reckless disregard of the safety and well-being of any person not
> engaged in criminal activity at the time of injury.

Miss. Code § 11-46-9(1)(c).  A municipality can be held liable under the MTCA only

if the tort allegedly committed by the municipality's employee is committed "within

the course and scope" of employment.  *Zeigler v. Univ. of Miss. Med. Ctr.*, 877 F.

Supp. 2d 454, 465 (S.D. Miss. 2012) (noting the MTCA "is the 'exclusive remedy for

the state law civil claims against a governmental entity and its employees,' [and]

waives [a municipality's] immunity only for certain torts of its employees committed

in the course and scope of their employment") (quoting *Elkins v. McKenzie*, 865 So.

---

[7] Although Defendants include an incomplete copy of a Citizen Complaint and Injury Form [24-9] that Plaintiff purportedly filed with the City after the September 9, 2011, incident, Plaintiff does not allege whether she complied with the MTCA's procedural prerequisites to bringing a claim against a government entity.  *See Suddith v. Univ. of S. Miss.* 977 So. 2d 1158, 1177-78 (Miss. Ct. App. 2007) (noting that the procedural prerequisites to bringing a claim under the MTCA include exhaustion of all administrative remedies with the particular governmental entity, filing a written notice of a claim with the chief executive officer of the governmental entity ninety days prior to filing suit, and including several specific categories of information in the written notice of claim) (citing Miss. Code § 11-46-11).  While there is no indication that Plaintiff complied with each of these requirements, the requirements can be waived.  *See, e.g., Stuart v. Univ. of Miss. Med. Ctr.*, 21 So. 3d 544, 550 (Miss. 2009).

2d 1065, 1078 (Miss. 2003)); *see* Miss. Code § 11-46-7(2) (providing that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties").  The MTCA excludes "malice" from the definition of "course and scope" of employment.  Miss. Code § 11-46-5(2) ("[A]n employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity . . . if the employee's conduct constituted . . . malice . . . .").

Plaintiff's allegations of malicious conduct in this case indicate that she has not properly pleaded a claim invoking the City's limited waiver of immunity under the MTCA because the factual allegations would place Officer Yarber's conduct outside the course and scope of her employment.  Plaintiff alleges Defendants "acted maliciously by using force and physical violence" which caused or contributed to her injuries.  Compl. ¶16.  Because the MTCA places malicious conduct outside the "course and scope" of Officer Yarber's employment, Plaintiff's allegations preclude a claim against the City under the MTCA.  Miss. Code § 11-46-5(2).

Even if the Court looks past Plaintiff's allegations that Defendants acted maliciously, her claims constitute intentional torts that would fall outside the course and scope of Officer Yarber's employment such that the City would be immune.  Plaintiff seeks to render the City liable under the MTCA on claims of assault and battery.  Plaintiff has offered evidence by way of the Maris Affidavit that Officer Yarber punched Plaintiff in the stomach, forcibly placed handcuffs on her, pushed her against the side of a patrol car, and forced her into the back seat of

the patrol car.  If true, such actions cannot be considered to fall within the "course and scope of employment" under the MTCA.  *See, e.g.*, *McBroom v. Payne*, No. 1:06cv1222-LG-JMR, 2010 WL 3942010, at *9 (S.D. Miss. Oct. 6, 2010) (concluding that claims of battery, assault, and intentional infliction of emotional distress cannot be considered within a police officer's "course and scope of employment" under the MTCA); *Tyson v. Jones Cnty., Miss.*, No. 2:07cv75-KS-MTP, 2008 WL 4602788, at *7-8 (S.D. Miss. Oct. 15, 2008) (reasoning that even if the plaintiff could prove that the county sheriff's deputies physically beat him once he was handcuffed, "the law is clear such actions would constitute criminal acts" and the county was entitled to immunity under the MTCA).  The City is entitled to immunity as to Plaintiff's assault and battery claims, and summary judgment is appropriate in the City's favor on all of Plaintiff's claims against it.

      c.    <u>Plaintiff's Remaining Claims Against Officer Yarber</u>

      (1)    <u>Individual Capacity §1983 Excessive Force Claim</u>

Officer Yarber may invoke qualified immunity with respect to the §1983 excessive force claim Plaintiff asserts against her in her individual capacity.  To overcome qualified immunity, Plaintiff must show both (1) that a violation of the Constitution or federal law took place and (2) that Officer Yarber's actions were objectively unreasonable under clearly established law.  *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005).  The Fourth Amendment right to be free from unreasonable searches and seizures is implicated by a claim of excessive force. *Colston v. Barnhart*, 130 F.3d 96, 99 (5th Cir. 1997) (citations omitted).  To succeed

on her excessive force claim, Plaintiff must establish "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force that was objectively unreasonable." *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008).  The injury must be more than "*de minimis*." *Williams v. Bramer*, 180 F.3d 699, 703, *decision clarified on reh'g*, 186 F.3d 633 (5th Cir. 1999) (quoting *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)). To determine whether an injury caused by excessive force is more than *de minimis*, the Court must look to the context in which that force was deployed.  *Id*.  "[T]he amount of injury necessary to satisfy our requirement of 'some injury' and establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances."  *Id*. at 703-04 (quoting *Ikerd*, 101 F.3d at 434).

According to Mr. Maris, Officer Yarber punched Plaintiff in the stomach, handcuffed her, "slammed" her against the side of a patrol car, and proceeded to "throw" her into the back seat of the patrol car.  Maris Aff. ¶ 12 [26-1].  Plaintiff has presented no evidence that she actually sustained a cognizable injury stemming "directly and only" from the alleged punch in the stomach.  Plaintiff similarly has not produced any evidence of injuries allegedly caused by being "slammed" against the side of the patrol car.  As a result, neither of these actions can constitute a basis for recovery on her excessive force claim.  *Robertson v. Town of Farmerville*, 830 F. Supp. 2d 183, 190 (W.D. La. 2011) (granting summary judgment for police officer where although the plaintiff's allegation that the officer handcuffed him and then shoved him until he fell onto his face "appear[ed] unnecessary in the

circumstances," the plaintiff failed to allege facts or present evidence of any injuries

resulting from the fall).

At bottom, the only injuries that the evidence establishes that Plaintiff

suffered consist of cuts, bruising, and swelling of her right wrist,[8] and these injuries

occurred in the context of Officer Yarber handcuffing Plaintiff. Maris Aff. ¶ 19.

"[M]inor, incidental injuries that occur in connection with the use of handcuffs to

effectuate an arrest do not give rise to a constitutional claim for excessive force."

*Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007) (citation omitted). Mr. Maris

states that he noticed Plaintiff's "right wrist was swollen with purplish bruising,

scratch[ed], and [had] a gash, which appeared to be from where the handcuffs were

forcibly placed on [Plaintiff]." Maris Aff. ¶ 19. Defendants moved for summary

judgment on the basis that Plaintiff's alleged injuries were *de minimis*. Mem. in

Supp. of Mot. for Summ. J. 15-16. In opposition, Plaintiff presents only Mr. Maris's

Affidavit. Plaintiff has not provided any evidence to establish the severity or

duration of the injuries Mr. Maris claims he noticed, and she has produced no

medical documentation that she sought treatment for any of these injuries.

The record precludes a finding that the injuries which Mr. Maris claims he

noticed on Plaintiff's right wrist were anything other than *de minimis*. *Freeman*,

783 F.3d at 416-17 (holding that a claim "that the deputies twisted [the plaintiff's]

---

[8] Plaintiff's allegation in the Complaint that she suffered a fractured wrist as a result of Officer Yarber's conduct is a conclusory allegation untethered to any record evidence and thus cannot serve as an "injury" to support her excessive force claim at this stage of the proceedings. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("A party opposing . . . a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial.") (citation omitted); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (noting that an unverified complaint "does not constitute competent summary judgment evidence").

arms behind her back while handcuffing her, 'jerked her all over the carport,' and applied the handcuffs too tightly, causing bruises and marks on her wrists and arms" was *de minimis*); *see also Lockett v. New Orleans City*, 607 F.3d 992, 999 (5th Cir. 2010) (concluding the plaintiff did not have a claim for excessive force where he claimed to suffer pain in and injury to his wrists after being handcuffed too tightly but plaintiff did not complain to the defendant-officers while handcuffed and although the plaintiff visited a physician for the alleged pain in his wrists, there was no evidence the plaintiff remained under a physician's care); *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005) (concluding plaintiff's injuries were *de minimis* despite plaintiff suffering "acute contusions of the wrist" and psychological injury from being handcuffed) (citations omitted).  For these reasons, Officer Yarber is entitled to judgment as a matter of law on Plaintiff's §1983 individual capacity excessive force claim.

    (2)    <u>State Law Claims Against Officer Yarber Individually</u>

The Mississippi Court of Appeals has noted that an "employee's immunity arises from acting on behalf of the governmental entity[, and u]nless the employee is acting within the course and scope of employment, he is not entitled to the limited immunity that falls on the sovereign."  *Pearl River Valley Water Supply Dist. v. Bridges*, 878 So. 2d 1013, 1018 (Miss. Ct. App. 2004) (citing Miss. Code. § 11-46-5(2)).  The facts before the Court present two conflicting series of events.  According to Officer Yarber, "neither Officer Smith nor [she] used excessive force on [Plaintiff].  All injuries sustained by [Plaintiff] were inflicted prior to" Officer Yarber coming

into contact with Plaintiff.  Yarber Aff. ¶ 10.  Mr. Maris, on the other hand, contradicts this version of events.  Maris Aff. ¶ 12.

The conduct described by Mr. Maris, if it actually occurred, could state a claim for the intentional torts of assault and battery under Mississippi law.  An assault is an intentional tort which "occurs where a person (a) . . . acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension . . . [and a] battery goes one step beyond an assault in that a harmful contact actually occurs."  *Webb v. Jackson*, 583 So. 2d 946, 951 (Miss. 1991) (citations and internal marks omitted).  Under such a scenario, Officer Yarber would not be considered to be acting within the course and scope of her employment and would not be entitled to immunity under the MTCA.  *Bridges*, 878 So. 2d at 1018; *see also McBroom*, 2010 WL 3942010, at *9 (concluding that claims of assault and battery cannot be considered within a police officer's "course and scope of employment" under the MTCA).  The Court cannot resolve this factual dispute at the summary judgment stage, and Officer Yarber is not entitled to summary judgment on Plaintiff's claims for assault and battery under Mississippi law.  *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).  This portion of Defendants' Motion must be denied.

Pursuant to Rule 56(f)(2), however, the Court hereby gives notice that it is considering granting summary judgment on Plaintiff's claims for assault and battery against Officer Yarber on grounds not raised by Defendants.  Plaintiff states

in her Complaint that the incident involving Officer Yarber occurred in the early morning hours of September 9, 2011.  Compl. ¶7.  The Complaint was not filed until March 11, 2013.  *Id.*  It therefore appears that the statute of limitations applicable to claims for assault and battery may preclude Plaintiff's remaining claims against Officer Yarber.  *See* Miss. Code § 15-1-35; *see also Gilmer v. Trowbridge*, No. 3:08cv136-TSL-JCS, 2009 WL 4113711, at *4 (S.D. Miss. Nov. 23, 2009) (noting that the statute of limitations would render claims for assault and battery against an officer subject to dismissal in the event the officer was found not to be entitled to immunity under the MTCA).

Because Defendants' Motion for Summary Judgment [24] does not address whether the statute of limitations bars Plaintiff's claims for assault and battery against Officer Yarber,[9] the Court will direct the parties to submit briefs addressing the single and narrow issue of whether Officer Yarber is entitled to summary judgment based on the statute of limitations applicable to Plaintiff's assault and battery claims.  The parties shall each file a single brief in the form of a response to an order to show cause on or before Monday, June 30, 2014.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has not carried her summary judgment burden with respect to her claims against the City.  Summary judgment is appropriate as to Plaintiff's claims against the City.  The Court further concludes that Officer Yarber, in her individual capacity, is entitled to

---

[9] Defendants did plead the statute of limitations as an affirmative defense to Plaintiff's claims. Answer and Affirmative Defenses 5.

summary judgment as to all claims Plaintiff asserts against her, with the exception of Plaintiff's state law claims for assault and battery.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants' Motion to Strike the Expert Report of Michael S. Street [28] is **GRANTED** and Mr. Street's report is struck from the record.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendants' Motion to Strike the Affidavit of Charles William Maris III [30] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims against the City of Jackson are dismissed with prejudice, and all claims against Officer Trena Yarber in her individual capacity are dismissed with prejudice, with the exception of Plaintiff's claims under state law for assault and battery against Officer Yarber individually.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the parties shall each file on or before June 30, 2014, a brief addressing the single and narrow issue of whether the statute of limitations applicable to assault and battery claims under Mississippi law entitles Officer Yarber to summary judgment as to Plaintiff's claims for assault and battery, and show cause why the Court should not grant summary judgment on Plaintiff's claims for assault and battery under Mississippi law against Officer Yarber.

**SO ORDERED AND ADJUDGED**, this the 23rd day of June, 2014.

_s/ Halil Suleyman Ozerden_

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE