IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE MCPHAIL | § | |
| | § | |
| v. | § | CIVIL NO.: 3:13cv146-HSO-RHW |
| | § | |
| CITY OF JACKSON, a Municipal | § | |
| Corporation, OFFICER | § | |
| TRENA C. YARBER, and JOHN | § | |
| DOES 1-5 | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
SUMMARY JUDGMENT IN FAVOR OF OFFICER TRENA C. YARBER**

BEFORE THE COURT is Defendant Officer Trena C. Yarber's memorandum of law regarding the timeliness of Plaintiff Stephanie McPhail's claims for assault and battery, which this Court ordered pursuant to Federal Rule of Civil Procedure 56(f)(2) after indicating that it was inclined to grant summary judgment independent of Defendants' Motion for Summary Judgment [24].[1]  Having considered Officer Yarber's submission, the record, and relevant legal authorities, the Court is of the opinion that Officer Yarber is entitled to judgment as a matter of law as to Plaintiff's claims for assault and battery asserted against her, and this action should be dismissed in its entirety.

I. FACTUAL BACKGROUND

Plaintiff claims that on September 9, 2011, she suffered injuries as a result of Officer Yarber's use of excessive force in effectuating an arrest of Plaintiff.  Compl. 2 [26-3].  Plaintiff filed suit against Officer Yarber in her official and individual

---

[1] Although ordered to submit a memorandum of law of her own, Plaintiff neither submitted a memorandum nor sought additional time to do so.

1

capacities claiming that Officer Yarber's alleged use of excessive force rendered Officer Yarber liable to Plaintiff for assault and battery under Mississippi law. *Id.* at 1-2, 5-6. Defendants pleaded the statute of limitations as an affirmative defense to Plaintiff's claims. Answer and Affirmative Defenses 5.

Defendants moved for summary judgment on February 14, 2014, as to all of the claims asserted by Plaintiff. Mot. for Summ. J. 1 [24]. On June 23, 2014, the Court granted summary judgment in favor of Defendants as to all claims asserted by Plaintiff except for her assault and battery claims asserted against Officer Yarber in her individual capacity. Mem. Op. and Order 26 [39]. Pursuant to Rule 56(f)(2), the Court ordered the parties to show cause as to whether Plaintiff's remaining claims for assault and battery failed as a matter of law due to the statute of limitations. Mem. Op. and Order 24-25 [39]. The parties were ordered to submit their respective briefs on or before June 30, 2014. *Id.* at 25.

On June 30, 2014, Officer Yarber filed her response to the Court's Order and argued that pursuant to section 15-1-35 of the Mississippi Code a one year statute of limitations bars Plaintiff's claims for assault and battery. Def.'s Resp. to the Court's Order to Show Cause 2 [40]. Officer Yarber further observed that whether Plaintiff's claims for assault and battery fell within the Mississippi Tort Claims Act was not relevant because the one year statute of limitations would apply in either event. *Id.* at 2-3. Officer Yarber posits that the claims are barred by the statute of limitations because Plaintiff alleges that the assault and battery occurred on

September 9, 2011, but she did not file suit asserting those claims until March 11, 2013. *Id.* at 2.

## II. DISCUSSION

Pursuant to section 15-1-35 of the Mississippi Code, "[a]ll actions for . . . assault and battery[] . . . shall be commenced within one (1) year next after the cause of such action accrued, and not after."  Although Officer Yarber did not argue the statute of limitations as grounds for summary judgment as to Plaintiff's assault and battery claims, she did raise the statute of limitations as an affirmative defense to the Complaint.  Rule 56(f)(2) permits the Court to give the parties "notice and a reasonable time to respond" and grant judgment as a matter of law on grounds not raised by a party.  *Wernecke v. Garcia*, 452 F. App'x 479, 482 (5th Cir. 2011) (quoting Fed. R. Civ. P. 56(f)(2)).

The record before the Court reveals there is no genuine issue of material fact as to whether Officer Yarber is entitled judgment as a matter of law on Plaintiff's claims for assault and battery.  The parties agree that the actions underlying the alleged assault and battery occurred on the morning of September 9, 2011.  Plaintiff was required to file any suit asserting her claims for assault and battery within one year from that date.  Plaintiff, however, did not file suit asserting the assault and battery claims until March 11, 2013.  Therefore, Plaintiff filed suit over six months after the statute of limitations ran on those claims.  Plaintiff's assault and battery claims against Officer Yarber are thus time-barred, and Officer Yarber is entitled to judgment as a matter of law as to those claims.

III. CONCLUSION

For the foregoing reasons, the Court concludes that judgment as a matter of law is appropriate as to Plaintiff's remaining claims for assault and battery against Officer Yarber in her individual capacity.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that judgment as a matter of law is **GRANTED** with respect to Plaintiff's remaining claims for assault and battery asserted against Officer Yarber in her individual capacity and those claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 2nd day of July, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE